UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-61628-RAR

**ABS-CBN CORPORATION**, *et al.*,

       Plaintiffs,

v.

**123FULLPINOYMOVIES.COM**, *et al.*,

       Defendants.

_____/

**SEALED ORDER GRANTING PLAINTIFFS'** ***EX PARTE*** **MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**

**THIS CAUSE** comes before the Court on Plaintiffs' *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) [ECF No. 6] ("Motion"). The Court has carefully reviewed the Motion, the record, and is otherwise fully advised in the premises. For the reasons set forth below, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion is **GRANTED**.

**BACKGROUND**

On August 12, 2020, Plaintiffs, ABS-CBN Corporation, ABS-CBN Film Productions, Inc. d/b/a Star Cinema, and ABS-CBN International filed a Complaint for Damages and Injunctive Relief [ECF No. 1], alleging Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" attached to the Complaint, are advertising, distributing, and performing Plaintiffs' copyrighted content and using Plaintiffs' trademarks without authorization to distribute, promote, and perform such content, thereby infringing Plaintiffs' trademarks and copyrights through the operation of various domain names

operating under their individual and/or business association names, as identified on Schedule "A" to Plaintiffs' Motion.[1]

Plaintiffs contend that Defendants operate via the Internet and utilize electronic means as reliable forms of contact. *See* Declaration of Christine Ann Daley [ECF No. 6-1] ¶¶ 3-6. According to Plaintiffs, they have good cause to believe that Defendants are residents of India, Pakistan, the Philippines, Turkey, Vietnam, or other foreign jurisdictions. *See id.* at ¶ 7. Plaintiffs further contend that Defendants have at least one operational form of electronic contact, including e-mail, providing a reliable means of communicating with them. *See id.* at ¶¶ 3-6.

Plaintiffs have also created a designated serving notice website located at http://servingnotice.com/Bg9mr3/index.html, where copies of the Complaint and all other documents on file in this action will be displayed. *See id.* at ¶ 6.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 4(f)(3) allows a district court to order an alternate method of service to be effectuated upon foreign defendants, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See* Fed. R. Civ. P. 4(f)(3); *see also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc., Ltd.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.") (alteration added).

---

[1] The complete list of domain names includes 71 Subject Domain Names.

## **ANALYSIS**

Service by e-mail and via posting on a designated website is not prohibited under international agreement in this case. Although the United States, India, Pakistan, the Philippines, Turkey, and Vietnam are signatories to the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention"), the Hague Convention does not specifically preclude service of process via e-mail or by posting on a designated website.

Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting.[2] *Cf. Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-CIV, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3), therefore, remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, service by e-mail or internet communication does not violate an international agreement.

Further, e-mail and posting on a designated website are reasonably calculated to give notice to Defendants. Plaintiffs cite a catalog of cases where courts have granted leave for a plaintiff to serve by e-mail (*see* Mot. 9-10 n.4; 11-12 n.5) and where courts have granted leave for a plaintiff to serve by website posting (*see* Mot. 11-12 n.5) where, as here: (1) the defendants

---

[2] India, Pakistan, the Philippines, Turkey, and Vietnam have not expressly objected to service via e-mail or website posting. *See* Daley Decl. ¶ 8, n.4.

conducted their businesses over the Internet; (2) the defendants used e-mail regularly in their businesses; and (3) the plaintiff shows e-mail is likely to reach defendants. *See Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017−18 (9th Cir. 2002).

Plaintiffs have shown good cause why leave should be granted to allow service of the summonses, the Complaint, and all filings and discovery in this matter on Defendants via e-mail or posting on Plaintiffs' designated website. Thus, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion [ECF No. 6] is **GRANTED** as follows:

1. Plaintiffs may serve the Summonses, Complaint, and all filings in this matter upon Defendants via e-mail by providing the address to Plaintiffs' designated serving notice website to Defendants via the e-mail addresses provided by each Defendant as part of the domain registration records for each of their respective domain names, including service via registrar or directly on the Internet website operating under each of their respective corresponding domain names, including customer service e-mail addresses, onsite contact forms, and the social media platform e-mail for Defendants' respective social media accounts; or

2. Plaintiffs may serve the Summonses, Complaint, and all filings and discovery in this matter upon Defendants via website posting by posting a copy of the same on Plaintiffs' designated serving notice website appearing at the URL http://servingnotice.com/Bg9mr3/index.html.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 17th day of August, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**